UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                          Plaintiff,

          -against-

ERIE COUNTY MEDICAL CENTER
CORPORATION, et al.,

                          Defendants.

22-CV-10239 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert W. Johnson filed this *pro se* complaint alleging that Defendants violated

his rights in Erie County, New York. For the following reasons, the Court transfers this action

under 28 U.S.C. § 1404, to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff sues the State of New York and state agencies, which are located within all the

federal judicial districts within New York, including this judicial district. He also sues many

individuals and other entities that are located in Erie County, New York. He further alleges that

many of the events that are the basis for his claims occurred in Erie County. Erie County is

located in the Western District of New York. *See* 28 U.S.C. § 112(d).

Under 28 U.S.C. § 1404(a), this Court may transfer claims "[f]or the convenience of the

parties and witnesses, in the interest of justice." "District courts have broad discretion in making

determinations of convenience under Section 1404(a) and notions of convenience and fairness

are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d

Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v.*

*Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013); *Cento v. Pearl Arts & Craft*

*Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have

an independent institutional concern to see to it that the burdens of litigation that is unrelated to

the forum that a party chooses are not imposed unreasonably on jurors and judges who have

enough to do in determining cases that are appropriately before them. The power of district

courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also*

*Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad

language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this action. None of the underlying events occurred in this judicial district. Most of the underlying events occurred in Erie County. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer Plaintiff's claims to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed *in forma pauperis* (IFP), or without prepayment of fees, is a determination to be made by the transferee court.[1] A summons shall not issue from this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] A handwritten IFP application is attached to the complaint. (ECF 1 at 22.) Plaintiff is barred from filing new civil actions in this court IFP without first obtaining leave to file. *See Johnson v. Town of Onondaga*, ECF 1:19-CV-11128, 7 (CM) (S.D.N.Y. Apr. 1, 2021), *Johnson v. Wolfe*, ECF 1:19-CV-7337, 8 (GHW) (S.D.N.Y. July 12, 2020), *appeal dismissed*, No. 21-299 (2d Cir. Sept. 10, 2021). At least one other court has barred Plaintiff from filing complaints without prior permission. *See Johnson v. Abel,* No. 19-CV-2685 (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant).

This order closes the case.

SO ORDERED.

Dated:     February 3, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge