UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ROBERT W. JOHNSON,

    Plaintiff,

v.

23-CV-141 (JLS)

ERIE COUNTY MEDICAL CENTER
CORPORATION, ERIE COUNTY
CENTER PROGRAM, OFFICER A.
SHIELDS, OFFICER SCANLON,
OFFICER CHAPMAN, OFFICER JOHN
DOE ECMC SECURITY, NEW YORK
STATE, DEPARTMENT OF HEALTH
CENTRALIZED HOSPITAL INTAKE
PROGRAM, MEDICARE, MEDICAID,
KEYBANK, NEW YORK STATE
DEPARTMENT OF HEALTH, OFFICE
OF PROFESSIONAL MEDICAL
CONDUCT INTAKE UNIT
RIVERVIEW CENTER, NEW YORK
STATE EDUCATION DEPARTMENT,
OFFICE OF PROFESSIONAL
DISCIPLINE,

    Defendants.

## DECISION AND ORDER

*Pro se* plaintiff Robert W. Johnson filed a Complaint in the United States District Court for the Southern District of New York on December 2, 2022 asserting claims for various civil rights violations. *See* Dkt. 1. He did not pay the filing fee. But he included with his Complaint a handwritten application to proceed *in forma pauperis* ("IFP"). *See id.* at 22. On February 3, 2023, the Southern District issued an order directing that the action be transferred to this Court. Dkt. 2 at 3. The order

states that the issue of whether Plaintiff should be permitted to proceed IFP "is a determination to be made by the transferee court." *Id.* This Court has reviewed Plaintiff's Complaint and attachments, including the IFP application. For the reasons discussed below, Plaintiff's request to proceed IFP is denied.[1]

## DISCUSSION

### A. Legal Standard

A party seeking to bring a civil action in federal court ordinarily must pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $52. *See Lockridge v. Erie Cty. Med. Ctr.*, No. 18-CV-815, 2019 WL 5788082, at *1 (W.D.N.Y. Nov. 5, 2019). But a litigant may ask to avoid the fees by moving for leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(a)(1); *Humphrey v. U.S. Army Corps. of Eng'rs.*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) ("The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees").

Whether to grant a motion for *in forma pauperis* status is a matter within the Court's discretion. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). *See also Fair v. Mnuchin*, 20-CV-244, 2020 WL 2543589, at *1 (N.D.N.Y. Apr. 15, 2020) (recognizing that "that the ability to litigate an action without prepayment of fees is a

---

[1] The Local Rules of this Court require that a *pro se* litigant seeking IFP status "complete the *in forma pauperis* motion and affirmation form available on the Court's website, http://www.nywd.uscourts.gov, or in the Clerk's Office, and file it along with the complaint or petition." *See* L. R. Civ. P. 5.2(c). Although Plaintiff has submitted only a handwritten application, this Court has nonetheless reviewed Plaintiff's submission and determined that it does not contain sufficient information to permit the Court to assess his ability to pay the filing fee.

privilege that can be denied, revoked, or limited based upon a showing of prior abuses"). In exercising this discretion, the Court "must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him [or her] to abandon the action." *Singer v. Cuscovitch*, No. 07-CV-578, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007).

The Court may dismiss a case that has been filed *in forma pauperis* if it "determines that the plaintiff's allegation of poverty is untrue." *Humphrey*, 2021 WL 1837791, at *1 (citing 28 U.S.C. § 1915(e)(2)(A)) (quotations omitted). Likewise, the Court may deny an IFP application where the plaintiff submits an incomplete IFP application—for example, where the plaintiff lists expenses that exceed income but does not explain how he or she pays expenses. *See, e.g., Taylor v. Addison Place Apartments*, No. 3:09cv108/MCR/MD, 2009 WL 799438, at *1 (N.D. Fla. Mar. 24, 2009) (denying IFP application because "the court [could not] accurately assess plaintiff's financial circumstances from the information she . . . provided on the financial affidavit form," where plaintiff listed expenses that exceeded income and did not provide further explanation); *Whitsitt v. Cent. Towing Transp.*, No. C 08-2138 CW, 2008 WL 11357948, at *1 (N.D. Cal. May 6, 2008) (denying IFP application because "Plaintiff [did] not explain how he can pay his monthly expenses . . . when he has no assets and no debt"); *see also Basta v. Comm'r of Soc. Sec.*, No. 21-CV-0896 (JMA), 2021 WL 1108667, at *1 (E.D.N.Y. Mar. 23, 2021) (denying IFP application where the application was "incomplete and raise[d] more questions than it answer[ed]").

3

B. Analysis

Here, Plaintiff states that he "is a poor person and has no form of income, assets," or "upcoming monetary or property awards." Dkt. 1 at 22. He does not list any expenses. If that is the case, Plaintiff does not explain how he subsists—such as, for example, how he obtains housing and food. Nor does he include other types of information that would be relevant in assessing his financial situation—such as his employment history and details regarding household members. Plaintiff's application, therefore, is incomplete and prevents the Court from assessing his ability to pay.

For these reasons, Plaintiff's IFP application is incomplete and does not provide sufficient information for the Court to assess his ability to pay the filing fee. Accordingly, his IFP application is DENIED.

## CONCLUSION

Because Plaintiff did not meet his burden of establishing indigence based on the present record, his request to proceed *in forma pauperis* (Dkt. 1) is denied without prejudice to submitting an amended application.

If Plaintiff wishes to proceed without prepayment of fees, he must submit an amended application, utilizing "the *in forma pauperis* motion and affirmation form available on the Court's website, http://www.nywd.uscourts.gov," *see* L. R. Civ. P. 5.2(c), by **January 31, 2024**, establishing that he qualifies to proceed *in forma pauperis*. Any amended application must contain complete and accurate responses to each question on the form.

If Plaintiff does not demonstrate indigency, he must pay the $402 filing fee to the Clerk of Court of the Western District of New York by **January 31, 2024** to proceed with his case. If Plaintiff does not submit an amended IFP application or remit the filing fee by January 25, 2024, this action will be dismissed without prejudice.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) is denied without prejudice; and it is further

ORDERED that Plaintiff's failure to tender the requisite filing fee or submit an amended application for *in forma pauperis* status by **January 31, 2024** will result in dismissal of this action; and it is further

ORDERED that, if Plaintiff does not pay the filing fee or file an amended IFP application by **January 31, 2024**, the Clerk of Court shall close this case; and it is further

ORDERED that the Clerk of Court shall send Plaintiff a blank *in forma pauperis* motion along with a copy of this decision and order.

SO ORDERED.

DATED:    January 2, 2024
               Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE